Case MDL No. 550   Document 2   Filed 06/03/15   Page 1 of 5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 31 1983

5/31/83

DOCKET NO. 550

PATRICIA ...
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LONG DISTANCE TELEPHONE SERVICE ANTITRUST LITIGATION

ORDER DENYING TRANSFER*

    This litigation consists of the three actions listed on the attached Schedule A and pending in three district as follows: one action each in the Northern District of California, the District of the District of Columbia, and the Southern District of New York. Presently before the Panel is a motion by defendants American Telephone and Telegraph Company and each of the 24 Bell System operating companies named as defendants in some or all of the actions for an order centralizing the three actions for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. Movants favor selection of the District of the District of Columbia as the transferee forum and suggest that the actions could be assigned to one of three judges identified as having prior experience in litigation involving the provision of long distance telephone services: Judge John F. Grady of the Northern District of Illinois, or Judges Harold Greene or Charles R. Richey of the District of the District of Columbia.[1] Plaintiffs in the New York action support centralization but favor selection of the Southern District of New York as the transferee forum. Plaintiffs in the remaining two actions and seven non-Bell defendants named in the District of Columbia action oppose transfer.

    On the basis of the papers filed and the hearing held, we find that proponents of transfer have not met their burden of demonstrating that Section 1407 transfer would serve the convenience of the parties and witnesses and further the just and efficient conduct of the litigation.

    IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

                               FOR THE PANEL:

                                 Roy W. Harper
                                 Acting Chairman

---

\* Judges Andrew A. Caffrey and Sam C. Pointer, Jr., took no part in the decision of this matter.

[1] None of these judges is assigned to a constituent action in this docket.

SCHEDULE A

MDL-550 -- In re Long Distance Telephone Service Antitrust Litigation

### Northern District of California

Southern Pacific Co., et al. v. American Telegraph & Telephone Co., et al., C.A. No. C83-0094-TEH

### Southern District of New York

United States Transmission Systems, Inc. v. American Telephone & Telegraph Co., et al., C.A. No. 82 Civ 1986

### District of the District of Columbia

MCI Communications Corp., et al. v. American Telephone & Telegraph Co., et al., C.A. No. 79-1182

CORRECTED ORDER

DOCKET NO. 550

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP 23 1983

IN RE LONG DISTANCE TELEPHONE SERVICE ANTITRUST LITIGATION

TRANSFER ORDER*

This litigation consists of the three actions listed on the attached Schedule A and pending in three districts as follows: one action each in the Northern District of California, the District of the District of Columbia, and the Southern District of New York. Presently before the Panel is a motion by defendants American Telephone and Telegraph Company and each of the 24 Bell System operating companies named as defendants in some or all of the actions for the Panel to reconsider its May 31, 1983 decision to deny their motion for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 in this docket. See In re Long Distance Telephone Service Antitrust Litigation (J.P.M.L., filed May 31, 1983) (unpublished order). Seven non-Bell defendants who previously opposed Section 1407 centralization support the motion for reconsideration. Plaintiffs in the California and District of Columbia actions oppose the motion for reconsideration.

The Panel grants the motion for reconsideration,[1/] and finds, on the basis of the papers filed and the hearing previously held, that movants have now carried their burden of demonstrating that these actions involve common questions of fact and that centralization of these actions under Section 1407 in the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The complaints in the three actions share many allegations and raise complex questions arising out of the same governmental regulatory contexts, identical Bell tariffs, and many of the same agreements and historical events. We now find that transfer under Section 1407 is necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. It is not necessary, as requested by movants, to reach the question of whether to sever claims against certain of the non-Bell defendants pending a determination of venue and jurisdictional motions by the transferor judge in the District of Columbia action. A ruling on those motions was made by that judge on September 20, 1983.

---

\* Judges Andrew A. Caffrey, Robert H. Schnacke and Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ This motion was determined on the basis of the papers filed, in accordance with Rule 13(b), R.P.J.P.M.L., 89 F.R.D. 273, 282 (1981).

When a litigation is as national in scope as this one promises to be, in terms of the locations of parties, counsel and likely sources of discovery, no single district stands out as a focal point. Indeed, any of the districts wherein constituent actions in this docket are pending could be considered as an appropriate transferee forum. In choosing the Northern District of California as transferee forum, we note, inter alia, that 1) it is the location of one of the major plaintiffs and therefore is likely to be the situs of extensive discovery; and 2) the judge before whom the constituent action is pending has had previous experience in handling complex multidistrict litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Spencer M. Williams for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending in that district and listed on Schedule A.

For the Panel:

Roy W. Harper
Acting Chairman

MDL-550 -- In re Long Distance Telephone Service Antitrust Litigation

### Northern District of California

<u>Southern Pacific Co., et al. v. American Telegraph & Telephone Co., et al.</u>, C.A. No. C83-0094

### Southern District of New York

<u>United States Transmission Systems, Inc. v. American Telephone & Telegraph Co., et al.</u>, C.A. No. 82 Civ 1986

### District of the District of Columbia

<u>MCI Communications Corp., et al. v. American Telephone & Telegraph Co., et al.</u>, C.A. No. 79-1182